UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/29/17___

-------------------------------------------------------------

THE HONGKONG AND SHANGHAI BANKING  X
CORPORATION LIMITED,                :
                                    :
                   Appellant,       :
                                    :
      -against-                     :        17-CV-6672 (VEC)
                                    :
WILLIAM A. BRANDT, JR., CHAPTER 11  :        <u>ORDER AND OPINION</u>
TRUSTEE FOR CFG PERU INVESTMENTS PTE. :
LTD. (SINGAPORE),                   :
                                    :
                   Appellee.        :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Before the Court is a motion seeking leave to appeal a discovery ruling in a bankruptcy

proceeding. Because the matter does not involve a final order appealable as of right and because

the issue does not warrant an interlocutory appeal, the motion for leave to appeal is denied.

## I.    BACKGROUND

Hongkong Shanghai Banking Corporation Limited ("HSBC-HK" or "Appellant") seeks

to appeal a discovery ruling by the bankruptcy court. *See* Memorandum Decision and Order

Granting Trustee's Motion for Order Authorizing Issuance of Subpoenas to Hongkong Shanghai

Banking Corporation Limited, July 19, 2017 ("Rule 2004 Order") [Dkt. 1, App'x A].[1] The

underlying bankruptcy proceeding involves jointly-administered chapter 11 cases for seventeen

related debtor companies ("Debtors"); the Debtors' value derives from three Peruvian operating

companies that are involved in the fishing industry. *Id*. at 3, 5–6. One of the Debtors, CFG Peru

---

[1] Because HSBC-HK stated that, for the purposes of its appeal, the facts laid out in the Rule 2004 Order may
be treated as undisputed, the Court relies on that Order for the factual and procedural background of this case. *See*
Appellant's Motion in the Alternative for Leave to Appeal the Bankruptcy Court's July 19, 2017 Order Authorizing
Rule 2004 Discovery ("Appeal Mem.") [Dkt. 3] at 2 n.2.

Investments Pte. Limited (Singapore) ("CFG Peru"), is the 100% direct and indirect owner of the Peruvian operating companies. *Id*. at 3.

Appellant is one of a group of lenders that have a credit arrangement with a subset of the Debtors and the three Peruvian operating companies, with some of those entities as borrowers, some as guarantors, and some as obligors. Rule 2004 Order at 5–6. CFG Peru is not a borrower, guarantor, or obligor under the credit arrangement. *Id*. at 6. Nonetheless, CFG Peru has, through its court-appointed Trustee William Brandt, Jr. ("Trustee" or "Appellee"), filed proofs of claim against four of the Debtors who *are* involved in the credit arrangement (the "Borrowing Debtors") on the basis of senior notes issued by one of the underlying Peruvian operating companies; the four Borrowing Debtors are guarantors, along with CFG Peru, of the senior notes, generating potential reciprocal rights of contribution, indemnification, and reimbursement. *Id*. at 3, 8.

In November 2015, after the companies involved in the credit agreement began to experience financial difficulties, HSBC-HK broke with the other lenders and petitioned, *ex parte*, for wind-up proceedings in Hong Kong and the Cayman Islands for two of the Debtors; those petitions were ultimately withdrawn per an agreement amongst the two Debtors and Appellant.[2] Rule 2004 Order at 6–7. Although that agreement called for sale of the operating companies, the Debtors instead filed for protection pursuant to chapter 11. *Id*. at 7. Appellant has since filed a Notice of Appearance in the jointly-administered cases, as well as proofs of claim against the four Borrowing Debtors that are involved in the credit agreement—the same four against which Appellee has filed proofs of claim. *Id*. at 8–9.

---

[2]     As of December 2014, HSBC-HK had about $96 million of outstanding principal exposure; the Debtors had previously repaid about $102 million. Rule 2004 Order at 5.

As part of his involvement in the chapter 11 cases, the Trustee sought discovery from HSBC-HK under Bankruptcy Rule 2004, contending that HSBC-HK's aggressive conduct in seeking repayment of its loans may have "interfered with the [Borrowing Debtors'] relationships with [their] lenders, suppliers, and trade counterparties, constrained [their] liquidity, and negatively impacted [their] ability to resume normal operations." *Id*. at 9–10, 11. The discovery sought, according to the Trustee, could support defenses to HSBC-HK's claims or identify claims against other parties. *Id*. at 10. HSBC-HK opposed the discovery for a variety of reasons, including that the Bankruptcy Court lacks personal jurisdiction; the Bankruptcy Court rejected HSBC-HK's arguments and authorized the Trustee to proceed with Rule 2004 discovery. *See id*. at 12–23.

Appellant now seeks leave to appeal the Rule 2004 Order, arguing, as discussed below, that the Order is appealable as of right or, in the alternative, that an interlocutory appeal of the Order is warranted. *See* Appeal Mem. ¶¶ 21–38.

## II.    DISCUSSION

District courts have jurisdiction to hear appeals of federal bankruptcy court decisions pursuant to 28 U.S.C. § 158(a), which provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . ." *In re Lehman Bros. Holdings Inc.*, 566 B.R. 353, 358 (S.D.N.Y. 2017) (quoting 28 U.S.C. § 158(a)) (internal quotation marks omitted). A district court reviews a bankruptcy court's "conclusions of law *de novo*, and its findings of fact for clear error." *Id*. (citation omitted). Accordingly, this Court must determine whether the appeal of the Rule 2004 Order is properly before the Court.

**A. The Rule 2004 Order is Not a Final Order Affording Appeal as of Right**

"A bankruptcy court's order is 'final' if it completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 656 (S.D.N.Y. 2005) (internal quotation marks and citation omitted). Because bankruptcy proceedings can persist for years, the Second Circuit has determined that the intent of the governing statute is to allow for immediate appeal from bankruptcy court orders that "finally dispose of discrete disputes within the larger case." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (internal quotation marks and citations omitted). "[A] 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *Id*. at 775–76.

Courts have routinely found that bankruptcy court orders granting or denying discovery, including orders related to Rule 2004 discovery, are not final for the purposes of an appeal to a district court. *See In re Towers Fin. Corp.*, 164 B.R. 719, 720 (S.D.N.Y. 1994) ("Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right.") (collecting cases) (citations omitted). *See also In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012) ("In the bankruptcy context, discovery orders also are generally considered interlocutory and not immediately appealable.") (collecting cases) (citations omitted); *In re Gray,* 447 B.R. 524, 531 (E.D. Mich. 2011) (finding that a majority of courts have treated orders regarding Rule 2004 discovery as interlocutory and not final). This Court sees no reason to depart from this consensus.[3]

---

[3]     Appellant cites to only one case, *In re Blinder Robinson & Co., Inc.*, 127 B.R. 267 (D. Colo. 1991), to support its argument that Rule 2004 Orders are final for the purposes of appeal. Appeal Mem. ¶ 23. *Blinder*, in fact, found the Rule 2004 Order before it *not* to be final; Appellant is relying on *dicta* in which the court wrote: "This is not to say that all appeals from Rule 2004 orders are non-final. This question should be resolved on a case-by-case

Appellant nonetheless argues that the Rule 2004 Order is final "because it resolves the issue of the Trustee's entitlement to Rule 2004 discovery from HCBC-HK, as well as whether the Bankruptcy Court has jurisdiction required to authorize the discovery sought from HSBC-HK." Appeal Mem. ¶ 23. *See also* Appellant's Reply Brief in Further Support of its Motion in the Alternative for Leave to Appeal the Bankruptcy Court's July 19, 2017 Order Authorizing Rule 2004 Discovery ("Reply Mem.") [Dkt. 6] ¶ 5. Courts in this Circuit have, however, found that orders denying motions to dismiss for lack of personal jurisdiction are likewise not final orders warranting immediate appeal.[4]

Appellant contends that the Second Circuit's decision in *EM Ltd. v. Republic of Argentina* supports its argument. Reply Mem. ¶ 6 (citing *EM Ltd.*, 695 F.3d 201 (2d Cir. 2012)). That case is

---

basis. Where the dispute has been narrowed and there is no indication that further action by the bankruptcy court will be forthcoming, an order concerning Rule 2004 examinations should properly be considered final." *Id*. at 272–73.

Other courts have since rejected arguments that seek to rely on *Blinder* to argue that Rule 2004 Orders are final for purposes of appeal. *See, e.g.*, *In re Royce Holmes*, 466 B.R. at 90 ("[Appellant's] larger problem in relying on *Blinder*, however, is its scant support in subsequent cases. At least three district courts have refused to follow its holding or to apply it to reach the same result. . . . When the *Blinder* court wrote, it had little guidance on whether an order authorizing or limiting a Rule 2004 examination is a final, appealable order. . . . Since then, the cases have consistently held that Rule 2004 orders are interlocutory and not immediately appealable."). Moreover, there is no evidence that the matter before this Court would fit into *Blinder*'s exception that no further action will be forthcoming, as the parties subsequently may, for example, raise issues regarding the scope of the Rule 2004 discovery or may move for protective orders. All in all, Appellant's argument based on *Blinder* is misplaced and not persuasive.

The Court finds that the other cases that Appellant cites are unavailing and inapposite because, as Appellant concedes, neither considered the discovery order's finality before proceeding to the merits. *See* Appeal Mem. ¶ 23 n.6 (citing *In re Martin*, 208 B.R. 807 (N.D.N.Y. 1997); *In re Johns–Manville Corp.*, 42 B.R. 362 (S.D.N.Y. 1984)).

[4]     *See, e.g.*, *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 755–56 (2d Cir. 1998) ("When an ordinary, non-sovereign litigant's motion to dismiss for lack of jurisdiction is denied, the denial is entirely reviewable on appeal from final judgment. That is why denials of motions to dismiss for jurisdictional reasons cannot ordinarily be the subject of interlocutory appeals."); *In re Enron Corp.*, No. ADV. 03-92677AJG, 2008 WL 281972, at *6 n.5 (S.D.N.Y. Jan. 25, 2008) ("Leave to appeal is similarly inappropriate with regard to those defendants seeking appellate review of the bankruptcy court's pre-discovery denial of their motions to dismiss for lack of personal jurisdiction. . . . Since a determination whether the requisite jurisdiction exists may rest on matters disclosed in discovery, appellate review, at this juncture, would be premature and would not materially advance the resolution of these matters. Given the absence of exceptional circumstances, leave to appeal the denial of the motions to dismiss for want of personal jurisdiction is unwarranted.") (citations omitted).

inapposite, however, because the Second Circuit found the order at issue to be appealable under the collateral order doctrine, not as a final order. The collateral order doctrine requires, *inter alia*, that an order be effectively otherwise unreviewable. *See EM Ltd.*, 695 F.3d at 205–06. The Second Circuit clearly stated that "[m]ost orders granting discovery are not final decisions because they are effectively reviewable on appeal from a final judgment, . . . or by an appeal from a contempt citation after the target of a subpoena resists the challenged order." *Id*. at 206 (citations omitted). The problem in *EM Ltd*. was that Argentina, the appellant, would have been "unable to obtain effective review in a United States court of the Discovery Order through a later appeal of a final judgment [because] any future attachment or collection proceeding would be conducted in a foreign court [if at all]." *Id*. at 206 (citations omitted). Review through an appeal of a contempt citation was also unavailable because the Discovery Order was not directed at Argentina itself. *Id*. (citations omitted). The Rule 2004 Order does not generate the same concerns.[5] HSBC-HK appears to have two vehicles available to challenge a discovery order: "comply[] with the order and challeng[e] it at the conclusion of the discrete dispute . . . or refus[e] to comply and contest[] the order's validity when held in contempt for the refusal."[6] *In re Royce*, 466 B.R. at 89 (collecting cases) (citations omitted).

---

[5]     Although the Court is highly skeptical that the collateral order doctrine would be available to Appellant, it nonetheless does not rule on this issue because Appellant did not rely on the collateral order doctrine in its motion for leave to appeal.

[6]     The Court expresses no opinion on Appellant's arguments regarding the Bankruptcy Court's alleged inability to hold it in contempt. *See* Reply Mem. ¶¶ 21–22.

### B. The Rule 2004 Order Does Not Otherwise Warrant Interlocutory Review

District courts may hear appeals of non-final orders from bankruptcy courts as a matter of

discretion pursuant to 28 U.S.C. § 158(a)(3). *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).

While neither the statute nor the Federal Rules of Bankruptcy Procedure provide criteria for

granting leave to appeal, "most district courts in the Second Circuit have applied the analogous

standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C.

§ 1292(b)." *In re Olympic Prop. Partners, LLC*, 566 B.R. 334, 339 (S.D.N.Y. 2017) (quoting

and citing *In re Cutter*, No. CV-05-5527, 2006 WL 2482674, at *4 (E.D.N.Y. Aug. 29, 2006))

(internal quotation marks omitted). Pursuant to that standard, a court considers "whether: (1)

such order involves a controlling question of law, (2) as to which there is substantial ground for

difference of opinion[,] and (3) an immediate appeal from the order may materially advance the

ultimate termination of the litigation;" all three criteria must be met. *Id.* (citing *In re Futter

Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. Mar. 24, 2012)) (internal quotation marks omitted).

"The Second Circuit cautions that in applying these criteria, only exceptional circumstances will

justify a departure from the basic policy of postponing appellate review until after the entry of

judgment." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 987 F. Supp. 2d 309, 311

(S.D.N.Y. 2013) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990))

(internal quotation marks omitted). Put differently, interlocutory appeal is "a rare exception to

the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda

Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

### i. The Court Assumes, Without Deciding, that the Appeal Presents a Controlling Question of Law

A controlling question of law "must refer to a pure question of law that the reviewing

court could decide quickly and cleanly without having to study the record." *In re Adelphia,* 333

B.R. at 658 (quoting *In re Worldcom, Inc.,* No. M–47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)) (internal quotation marks omitted). "The question must also be controlling, in that the reversal of the order would terminate the action . . . or at the very least its resolution would materially affect the outcome of the litigation." *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006) (citation omitted).

Appellant argues that the jurisdictional questions to be addressed on appeal will have a material effect on the proceeding below, specifically with regard to filing proofs of claim and the effect of doing so on personal jurisdiction. Appeal Mem. ¶ 28; Reply Mem. ¶¶ 8–11. In particular, Appellant asserts that "resolution of the jurisdictional question at issue here could potentially terminate all discovery against HSBC-HK, disputes regarding the Trustee's Subpoena of HSBC-HK, and other potential actions premised on the Bankruptcy Court's assertion of jurisdiction over HSBC-HK." Reply Mem. ¶ 11.

The Court recognizes that a determination as to personal jurisdiction could significantly affect the Trustee's ability to bring claims against HSBC-HK, but notes that jurisdictional determinations are not pure, clean questions of law, as they involve an assessment of a party's contacts with the United States. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 570 (2d Cir. 1996) ("The assessment of minimum contacts [in analyzing personal jurisdiction] is fact-specific and must necessarily be tailored to the circumstances of each case."). Evaluating the jurisdictional arguments may very well require review of the record. Nonetheless, because the Court finds that the other two factors weigh against appeal, the Court assumes for the purposes of its analysis, without deciding the issue, that the jurisdictional question is a controlling question of law.

### ii. Appellant Has Failed to Present a Substantial Ground for Difference of Opinion

The second element, a substantial ground for a difference of opinion, "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." *In re Adelphia*, 333 B.R. at 658 (citation omitted). Such a ground might exist for a difficult issue of first impression, but it is not sufficient that the relevant case law is less than clear or not wholly in accord. *Id*. at 658–59 (citing *Klinghoffer*, 921 F.2d at 25; *N. Fork Bank v. Abelson*, 207 B.R. 382, 390 (E.D.N.Y. 1997)).

Appellant argues that there is a substantial ground for a difference of opinion by pointing to *Stern v. Marshall*, 564 U.S. 462 (2011), and arguing that it casts doubt on the notion that filing a proof of claim in a bankruptcy proceeding constitutes a voluntary submission to personal jurisdiction. Appeal Mem. ¶ 31; Reply Mem. ¶ 13. Appellant next argues that the Rule 2004 Order's determination as to the scope of discovery is in tension with other bankruptcy court rulings. Appeal Mem. ¶ 32; Reply Mem. ¶ 14. Last, Appellant argues that the bankruptcy court improperly relied on equitable jurisdiction rather than personal jurisdiction. Appeal Mem. ¶ 33; Reply Mem. ¶ 15.

Appellant misreads *Stern*, which involved a dispute between a widow and a son over the deceased husband-father's estate. *See In re Quigley Co., Inc.*, 676 F.3d 45, 52 (2d Cir. 2012) (citing *Stern*, 564 U.S. at 469–70). The son filed a proof of claim in the widow's bankruptcy proceeding, claiming that she had defamed him; the widow counterclaimed for tortious interference, which the bankruptcy court found to be meritorious. *Id*. (citing *Stern*, 564 U.S. at 469–70). On appeal, the Supreme Court held that the bankruptcy court's entry of final judgment on the counterclaim violated Article III of the Constitution as an improper exercise of judicial power; the counterclaim needed to be decided by an Article III Court, which the bankruptcy

court was not. *Id*. (citing *Stern*, 564 U.S. at 482–84, 494). Appellant's citation to dicta in *Stern* regarding proofs of claim does not change the fact that its holding "was a narrow one," limited to the circumstances of the case and focused on the delegation of Article III power. *Id*. (citations omitted); Appeal Mem. ¶ 31. *Stern* has no bearing on the jurisdictional question before the bankruptcy court here, namely whether filing a proof of claim in a bankruptcy matter provides a basis for personal jurisdiction over a foreign party. Notably, Appellant fails to cite any cases to support its position that a creditor can file a proof of claim and then resist providing discovery in a related bankruptcy proceeding on the ground that the bankruptcy court lacks personal jurisdiction.

The failure to cite supporting authority is not surprising, as it is well-settled that filing a proof of claim subjects a party to a bankruptcy court's personal jurisdiction. *See, e.g.*, *In re Takeout, Inc.*, No. 05-11931 BRL, 2009 WL 8671793, at *2 (Bankr. S.D.N.Y. Mar. 17, 2009) ("Defendant submitted itself to the personal jurisdiction of this Court when it signed the involuntary petition against Takeout on March 25, 2005 and filed a proof of claim in Takeout's Chapter 11 case . . . ."). *See also Arecibo Cmty. Health Care, Inc. v. Commonwealth of Puerto Rico*, 270 F.3d 17, 26–27 (1st Cir. 2001) ("[T]he filing of a proof of claim waives an individual's due process right to insist on minimum contacts within the forum state before being subject to the court's jurisdiction.") (citing *In re PNP Holdings Corp.,* 99 F.3d 910, 911 (9th Cir.1996) (per curiam)); *In re Cruisephone, Inc.*, 278 B.R. 325, 329–30 (Bankr. E.D.N.Y. 2002) (filing a proof of claim provides a basis for personal jurisdiction because it constitutes "a submission to the bankruptcy court's jurisdiction to establish that creditor's right to participate in the distribution of the bankruptcy estate") (citations omitted).

As to Appellant's argument regarding the permissible scope of discovery, the cases cited

by the parties suggest that the law in this area may not be entirely clear or wholly in accord. *See*

Appeal Mem. ¶ 32 (citing, *inter alia*, *In re Bernard L. Madoff Inv. Sec. LLC*, 525 B.R. 871, 887

(Bankr. S.D.N.Y. 2015) (holding that "the submission to personal jurisdiction [by filing a proof

of claim] is limited to litigation concerning the claims allowance process" and finding no

personal jurisdiction over French citizens where the adversary proceeding against them would

not affect their claims); Trustee's Objection to HSBC-HK's Motion for Leave to Appeal the

Bankruptcy Court's July 19, 2017 Order Authorizing Rule 2004 Discovery ("Opp. Mem.") [Dkt.

4] ¶ 27 & n.32 (citing, *inter alia*, *In re Sterling Optical Corp.*, 302 B.R. 792, 803–04 (Bankr.

S.D.N.Y. 2003) (filing claim vests court with the "full power to inquire into the validity of any

alleged debt or obligation upon which a demand or claim against the estate is based") (citation

omitted); Reply Mem. ¶ 14. Even assuming such lack of accord, however, this would not be

sufficient to generate a substantial ground for a difference of opinion for purposes of evaluating

whether Appellant should be allowed to take an interlocutory appeal.

With regard to Appellant's final argument that the bankruptcy court relied on cases

involving equitable rather than personal jurisdiction, the Court need not determine the import of

this distinction because, as noted above, it is clear that filing a proof of claim generates personal

jurisdiction over a creditor, a position as to which there is no substantial ground for a difference

of opinion.

### iii. An Interlocutory Appeal Would Not Materially Advance the Litigation's Ultimate Termination

"An immediate appeal is considered to advance the ultimate termination of the litigation

if that appeal promises to advance the time for trial or to shorten the time required for trial." *In*

*re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014)

(quoting *Florio v. City of New York, N.Y.*, No. 06 Civ. 6473(SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008)) (internal quotation marks omitted). Courts place particular weight on this third factor when considering whether to allow an interlocutory appeal. *Id*. (citations omitted).

Appellant contends that the interlocutory appeal would advance the litigation by "terminating or significantly narrowing the scope of the Rule 2004 discovery" that HSBC-HK might face. Appeal Mem. ¶ 34. Reversing the ruling "would prevent discovery-related litigation and motion practice" and would also affect the Trustee's Motion to Stay regarding the Peruvian operating companies. Reply Mem. ¶¶ 16–17.

The Court disagrees with Appellant's framing of the situation and finds that an immediate appeal would not materially advance the litigation. Instead, requiring this Court to review the bankruptcy court's order would be intensive and time-consuming, generating an unnecessary roadblock for the bankruptcy proceedings. "[I]n light of the role of Rule 2004 examinations in pre-litigation discovery, the current appeal, if permitted, would prolong rather than hasten the termination of the litigation." *In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011) (citation omitted).

In conjunction with the other factors discussed above, and even assuming that the appeal presents a controlling question of law, the Court finds that Appellant's arguments do not support granting leave to file an interlocutory appeal.

### iv. No Exceptional Circumstances Justify Interlocutory Appeal

Appellant asserts that this Court should entertain its interlocutory appeal because of exceptional circumstances, but only reiterates its complaint that filing proofs of claim should not subject it to personal jurisdiction and, in turn, to Rule 2004 discovery. Appeal Mem. ¶¶ 36–38;

Reply Mem. ¶¶ 18–19.  As noted above, courts have regularly found that filing a proof of claim in a bankruptcy proceeding subjects a creditor to the personal jurisdiction of the bankruptcy court.  Appellant has not offered any exceptional circumstance to support its requested interlocutory appeal.

### III. CONCLUSION

For the reasons stated above, the Court denies Appellant's Motion for Leave to Appeal. The Clerk of Court is instructed to terminate Docket Entry 3 and remand the case to the United States Bankruptcy Court for the Southern District of New York.


**SO ORDERED.**

**Date:  December 29, 2017**　　　　　　　　　　　　**VALERIE CAPRONI**
**New York, New York**　　　　　　　　　　　　**United States District Judge**